```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

JULIA HERRERA,

                Plaintiff,

vs.                              Case No. 2:12-cv-258-FtM-29DNF

UNITED STATES SERVICE INDUSTRIES,
INC. d/b/a U.S.S.I., Inc., a foreign
profit corporation,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Conditionally Certify Collective Action, to Facilitate Notice, and for Limited Expedited Discovery (Doc. #19) filed on August 21, 2012. Defendant filed a memorandum in opposition on September 28, 2012. With leave of Court (Doc. #31), plaintiff filed a Reply on October 16, 2012. (Doc. #34.) For the reasons set forth below, the motion is denied.

**I.**

On May 10, 2012, plaintiff Julia Herrera (Herrera or plaintiff) filed a Complaint (Doc. #1) against her former employer, United States Service Industries, Inc., d/b/a U.S.S.I., Inc. (USSI or defendant), on her own behalf and on behalf of other similarly situated individuals for overtime compensation relief under the Fair Labor Standards Act, 28 U.S.C. § 201, *et seq.* (FLSA).

Additional plaintiffs have filed Consents to Join the collective action. (Docs. #8, 22, 32, 33.)

The Complaint alleges that Herrera was employed with USSI from on or about July 4, 2008, through February 15, 2012; that she performed janitorial services; that during all material times she worked in excess of forty (40) hours per week; that defendant failed to compensate her at a rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours in a single work week; that at all material times she was not paid minimum wages for all hours worked because she was required to work "off the clock"; and the defendants failed to maintain proper time records under the FLSA. The Complaint describes similarly situated persons as non-exempt employees of Defendant, who held similar positions to Plaintiff, and who: "(a) worked in excess of forty (40) hours during one or more weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours; and/or (b) were not paid minimum wages for all hours worked." (Doc. #1, ¶13.) The Complaint alleges that the action is intended to include employees who worked for the defendant at any time within the past three (3) years. (Id. at ¶14.) Count I asserts a claim for failure to pay overtime wages in violation of 29 U.S.C. § 207, and Count II asserts a claim for failure to pay minimum wages in violation of 29 U.S.C. § 206.

Herrera now seeks conditional certification as a collective

action.  Herrera further requests that the Court facilitate the notice to potential collective action plaintiffs and order expedited responses to discovery from defendant.

## II.

An action to recover unpaid overtime compensation under the Fair Labor Standards Act (FLSA) may be maintained "against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  "Thus, to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated."  Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008), citing Anderson v. Cagle's, 488 F.3d 945, 952 (11th Cir. 2007).  "The key to starting the motors of a collective action is a showing that there is a similarly situated group of employees."  Morgan, 551 F.3d at 1259.  Being "similarly situated" does not require an identical situation, but at least similar circumstances with respect to their job requirements and pay provisions.  Morgan, 551 F.3d at 1259-60; Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001).  The Eleventh Circuit has adopted a two-tiered approach to certification, as described in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995):

> The first determination is made at the so-called "notice stage."  At the notice stage, the district court makes a

> decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. . . .

Hipp, at 1218. Plaintiff must show that there are other employees who desire to "opt-in" and who are "similarly situated" before giving notice. Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991). As noted, at the first stage, the Court applies a "fairly lenient standard", Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007), although there must be more than counsel's unsupported assertions, Morgan, 551 F.3d at 1261.

**III.**

After comparing the Complaint with the motion for conditional certification, the Court has at least two problems. First, the description of the group of employees who are to be certified does not seem to match those described in the Complaint. Second, the alleged pay violations do not match those described in the Complaint.

The Complaint consistently refers to plaintiff as a former employee who had performed "janitorial services." (Doc. #1, ¶¶ 3, 16, 24, 34). The declarations of Herrera and opt-in plaintiff Jessie Espijo (Espijo) (Docs. ## 20-1, 20-2) both indicate that Herrera and Espijo were employed by the defendants as full-time janitors. The motion to certify seeks a collective action involving "Laborers". (Doc. # 19.) The proposed notice provides the following under "whom may join the lawsuit": "any and all current and former Laborer employees who worked for Defendant during the past three (3) years." (Doc. #21-1, p. 1.) The Reply similarly refers to "similarly situated laborers" rather than janitors. (See generally Doc. #34.) Nothing suggests that a "laborer" is necessarily similar to a "janitor", and therefore calling upon laborers to opt-in does not necessarily call for similarly situated employees.

Furthermore, the pay provisions at issue also appear to be different. The Complaint alleges that plaintiff and those similarly situated worked "off the clock" and were not compensated minimum wages for those hours worked. (Doc. #1, ¶20.) The declarations of Herrera and Espijo state they received similar wages, on several occasions each worked past their scheduled hours, including weekends, and were not compensated for that time, and were not paid overtime wages for hours worked in excess of forty (40) in a given work week. However, neither plaintiff nor any of

the opt-in plaintiffs responded to the Court's interrogatories that the nature of their claim included "off the clock work."[1] Instead, Herrera and each of the opt-in plaintiffs indicated that the nature of their claim was "miscalculation." Opt-in plaintiffs Avila, Ventura, and Castillo also checked the box for "other" and indicated that the "[e]mployer improperly rounded time worked and changed time records and shorted [sic] time between 15 minutes and ½ hour." (See generally Docs. ##18, 30, 36.) Indeed, the Reply to the motion focuses on USSI's alleged misuse of a rounding system to calculate payroll rather than any "off the clock" work as alleged in the Complaint. Plaintiff attempts to demonstrate that Hererra, Espejo, and Avila are similarly situated by pointing to specific instances where their payroll records reflect an improper rounding of time by the defendant's payroll system. (Docs. ##34-1 through 34-4.) However, other than plaintiff's general allegation in the Complaint that defendant's failed to maintain proper time records (Docs. #1, ¶¶21, 27), there are no allegations that suggest that the failure to pay overtime wages (Count I) and the failure to pay minimum wages (Count II) was a result of USSI's system of "rounding." Thus, it is unclear to the Court whether plaintiff'

---

[1] Court's interrogatory number six requests that the plaintiff indicate the nature of their claim by checking all options that apply. The options provided are: (1) off the clock work; (2) misclassification; (3)miscalculation; and (4) other. If a plaintiff chooses "other," there is a line for plaintiff to describe the nature of their claim.

intended definition of a "similarly situated employee" includes an employee who worked "off the clock" resulting in uncompensated hours, including over-time hours; an employee that did not receive proper compensation, including overtime hours, due to improper "rounding"; or both.

For these reasons, the motion to conditionally certify the class is denied. The Court need not resolve the other objections raised by defendant. Plaintiffs will be provided an opportunity to file an Amended Complaint, should they so choose, or an amended motion to certify a more precisely defined collective action.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion to Conditionally Certify Collective Action, to Facilitate Notice, and for Limited Expedited Discovery (Doc. #19) is **DENIED.**

2. Plaintiffs may filed an Amended Complaint or an amended motion to certify within **twenty-one (21) days** of the entry of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of January, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-7-