UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIA HERRERA,

                Plaintiff,

vs.                               Case No. 2:12-cv-258-FtM-29DNF

UNITED STATES SERVICE INDUSTRIES,
INC. d/b/a U.S.S.I., Inc., a foreign
profit corporation,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Amended Motion to Certify Collective Action, to Facilitate Notice, and for Limited Expedited Discovery (Doc. #41) filed on January 21, 2013.[1] Defendant filed a response in opposition on February 22, 2013.[2] (Doc. #48.) With leave of Court (Doc. #50), plaintiff filed a reply in support of her motion. (Doc. #51). For the reasons set forth below, the motion is denied.

**I.**

On January 9, 2013, plaintiff Julia Herrera (plaintiff of Herrera) filed an Amended Complaint (Doc. #40) against defendant United States Service Industries, Inc. d/b/a U.S.S.I., Inc.

---

[1]Plaintiff separately filed documentation in support of her motion, including the proposed notice. (Doc. ##43, 43.)

[2]The Court granted defendant's request for an enlargement of time in which to respond. (Doc. #47.) Therefore, the response is timely.

(defendant or U.S.S.I.) on her own behalf and on behalf of other similarly situated individuals for overtime compensation (Count I) and minimum wages (Count II) under the Fair Labor Standards Act (FLSA).

Herrera alleges that she was employed by defendant from July 4, 2008, through February 15, 2012. Plaintiff asserts that she did not receive minimum wage compensation and overtime compensation due to defendant's practice of improper rounding of time worked. No other manner of violating the FLSA is alleged. The Amended Complaint asserts that there are similarly situated persons whom she describes as "non-exempt employees of Defendant, who held similar positions to Plaintiff and who (a) worked in excess of forty (40) hours during one or more weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours; and/or (b) were not paid minimum wages for all hours worked." (Doc. #1, ¶13.)

Herrera now seeks conditional certification as a collective action. She further requests that the Court facilitate the notice to potential collective action plaintiffs and that limited expedited discovery be ordered.

**II.**

An action to recover unpaid overtime compensation, 29 U.S.C. § 207, under the Fair Labor Standards Act (FLSA), may be maintained

"against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  The purpose of such a collective action is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer."  Prickett v. Dekalb Cnty., 349 F.3d 1294, 1297 (11th Cir. 2003).  To demonstrate that plaintiffs are "similarly situated", a opt-in plaintiff "need show only that their positions are similar, not identical, to the positions held by the putative class members."  Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001) (quotations and citations omitted).  The Eleventh Circuit has adopted a two-tiered approach to certification, as described in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995):

> The first determination is made at the so-called "notice stage."  At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.  If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in."

> The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. . . .

Hipp, at 1218. Plaintiff must show that there are other employees who desire to "opt-in" and who are "similarly situated" before giving notice. Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991). The named plaintiff must show a "reasonable basis" for his claim that there are other similarly situated employees. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008) (citations omitted). At the first stage, the Court applies a "fairly lenient standard", Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007), although there must be more than counsel's unsupported assertions, Morgan, 551 F.3d at 1261.

### III.

This is plaintiff's second attempt at achieving conditional collective action certification in this matter. On January 2, 2013, the Court denied plaintiff's motion to conditionally certify a collective action because the description of the group of employees who were to be certified did not match those described in the Complaint. Further, the Court found that the alleged pay violations did not match those described in the Complaint. See generally (Doc. #39.) The Court provided plaintiff with the

opportunity to either file an amended complaint or an amended motion to certify with a more precisely defined class. Plaintiff filed an Amended Complaint, and thereafter, the subject motion to certify.

For a second time, plaintiff's proposed class does not match the allegations in the Amended Complaint. The Amended Complaint alleges that plaintiff is owed overtime and minimum wage compensation due to defendant's improper rounding system. Plaintiff repeats these allegations in the motion to certify, yet proposes a class that would encompass other potential FLSA violations.

Plaintiff's proposed notice defines the potential class as "any and all current and former employees who performed janitorial services for Defendant during the past three (3) years." (Doc. #43-1, p. 1.) The proposed notice's description of the lawsuit states: "[p]laintiff alleges that USSI violated the [FLSA] by not paying employees for all hours worked and/or failing to pay overtime wages for hours worked over forty (40) in a workweek." (Id.). No reference is made to defendant's alleged improper system of rounding or any other manner of miscalculation of wages. Instead, the proposed notice seeks to encompass a class of employees who are owed minimum wages and/or overtime wages regardless of the manner in which the defendant purportedly violated the FLSA.

In support of the motion, plaintiff provides her own declaration as well as the declaration of opt-in plaintiff, Jessie Espijo (Espijo). (Docs. ## 42-1, 42-2.) Plaintiff did not submit declarations from the remaining three (3) opt-in plaintiffs. Therein, Herrera and Espijo declare that they were required to work past their scheduled shifts and on weekends and did not receive compensation, including overtime, for this time. Neither Herrera nor Espijo make reference to improper rounding or miscalculation in their declarations. Instead, the declarations of Herrera and Espijo both seem to allege that they are owed wages, including overtime, for work performed "off the clock." Yet neither the Amended Complaint nor Herrera's and the (4) opt in plaintiffs' responses to the Court's interrogatories allege an FLSA violation resulting from "off the clock" work. (Docs. ##18-1, p.1; 18-2, p.1; 30-1, p.1; 36-1, p.1; and 36-2, p.1.)

Thus, it is again unclear to the Court whether plaintiff intended to assert FLSA claims against U.S.S.I. for miscalculation, off the clock work, or both. What is clear, however, is that plaintiff's proposed class would encompass both of these violations, as well as claims for over-time due to misclassification. Plaintiff's proposed class goes beyond the scope of the miscalculation allegations contained in the Amended Complaint and for this reason, plaintiff's motion to conditionally certify a collective action is denied.

Accordingly, it is now

**ORDERED**:

Amended Motion to Certify Collective Action, to Facilitate Notice, and for Limited Expedited Discovery (Doc. #41) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of April, 2013.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies: Counsel of record